KOPPEL INDUSTRIAL CAR & EQUIPMENT Co., Plaintiff and Appellant-Appellee, v. CENTRAL VICTORIA, INC., Defendant and Appellee-Appellant.

Nos. 6619 and 6624. Argued November 12, 1935.—Decided January 30, 1936.

*Henry G. Molina* and *Santiago de la Fuente* for appellant-appellee.
*C. Coll Cuchí, G. Silva,* and *Víctor A. Coll* for appellee-appellant.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Koppel Industrial Car & Equipment Co. claimed from the Central Victoria, Inc., which is a corporation duly organized under the laws of Puerto Rico, the value of certain goods described in the following order sent by the defendant to the plaintiff through its agent in Puerto Rico, J. Ochoa & Hno.:

"Spare parts for our German locomotive No. 4210 of 1910.

"Reference: Catalogue No. 817 of Orenstein & Koppel. 2 (two) Connecting Rods, right and left, with connecting rod bearings, front and rear, as per figures 18, 128 and 129, page 24. (The connecting rod bearings unfinished in the interior.) 2 (two) coupling rods, right and left, with their connecting rod bearings, as per figure F on page 24. (The connecting rod bearings should be identical with the others above mentioned.) Delivery: As soon as possible."

It is alleged that the defendant purchased the aforesaid goods from the plaintiff, who faithfully and correctly filled the said order by delivering the ordered goods as soon as possible; that the defendant received said goods on or before November 27, 1929, and that under the terms of the contract of sale the defendant should have paid to the plaintiff the sum of $840.50, the price for said goods, within 30 days after such date.

The defendant admitted the purchase, denied that the plaintiff had faithfully and correctly filled the order, and alleged that the spare parts that had been sent by the plaintiff to the defendant were not in accord with the descriptions set forth in the order and were entirely different, of a different kind and design, and did not correspond to the drawings appearing on page 24 of the catalogue referred to in defendant's order; and that these parts were totally use-less and unserviceable to the defendant, who so advised the plaintiff and placed the said parts at its disposal. It was further alleged that the amount of the order to which the complaint refers was only $710, although the defendant admitted that by reason of other orders it still owed to the plaintiff the sum of $130.50, which sum it tendered and deposited in court together with the answer, as it belonged to the plaintiff.

The lower court sustained the complaint and adjudged Central Victoria, Inc., to pay to the plaintiff the sum claimed, and interest thereon at 6 per cent per annum from December 22, 1929, without special imposition of costs. Both parties appealed from that judgment: the defendant from the pronouncement thereof whereby it was adjudged to pay the value of the goods with interest thereon; and the plaintiff, from the failure to award costs in its favor.

The defendant in support of its appeal urges that the lower court erred in holding that in the instant case the mistake was not mutual to the extent of invalidating the contract, and in rendering judgment against the defendant.

According to the evidence introduced, the defendant-appellant was the owner of a locomotive marked No. 4204. The spare parts were ordered for a locomotive marked No. 4210. The defendant admits its mistake but alleges that plaintiff also made a mistake, because the parts shipped did not conform to the descriptions appearing on page 24 of the catalogue. The plaintiff denies having made such mistake, and the whole controversy turns upon this point. The issue thus raised was decided by the lower court as follows:

"The order for spare parts as regards the connecting and coupling rods for a German locomotive No. 4210 of 1910, was made by the defendant, as set forth in the order itself, by catalogue No. 817 of Orenstein & Koppel, on page 3 of which there appears the following 'warning':

" 'We print below a full list with illustrations of the component parts of a locomotive. In order to avoid mistakes and delays in filling the orders, it will be necessary to indicate always the factory number of the locomotive for which the parts ordered are destined, as our current models may have been since modified.'

"From the testimony of George W. Grazer, the plaintiff's agent, it appears that the defendant made a mistake in giving the locomotive's factory number, as the spare parts were ordered for a German locomotive No. 4210, which has six wheels, while the locomotive of the defendant is marked No. 4204, having only four wheels. The defendant, however, maintains that since the plaintiff manufactured both locomotives it should know to whom and in what countries they had been sold and also that it should have noted that the description in the order with reference to the catalogue, did not correspond with the number of the locomotive, for which reason it should not have filled the order without first correcting the same.

"The evidence introduced fails to show that in filling the order the plaintiff knew that the locomotive of the defendant for which the parts had been ordered was No. 4204, of four wheels.

"As regards the connecting rods, there is no evidence to show that the plaintiff had made a mistake in filling the order, defendant's contention being limited to the coupling rods sent, which can only be used on six-wheeled locomotives.

· "The witness, Grazer, seems to contradict himself in his testimony in answer to the questions put to him by either side, and conveyed

the idea that two coupling rods had been ordered and four were shipped, different from the design and illustration appearing on page 24 of catalogue No. 817 of Orenstein & Koppel; but he finally stated in substance that any part that connects the front wheels of a locomotive on either side with the rear wheels is a rod, regardless of its component parts, and that the factory filled the order, that is, two coupling rods for locomotives No. 4210, in conformity with the drawing or design that appears in the catalogue, with the only difference that each one had an additional part to be used on six-wheeled locomotives, that is, to connect another pair of wheels.

"It clearly appears that the defendant ordered the coupling rods for a locomotive No. 4210, thereby making a mistake despite the warning of the factory, and it must now suffer the consequences of its own error which it could have avoided if it had verified the number of its locomotive before sending the order, as the agent of the plaintiff did when he was notified that the parts could not be adjusted or used on the engine."

In our opinion the finding made by the lower court from the evidence introduced is correct. The connecting and coupling rods ordered for locomotive No. 4210, of six wheels, could not be used on defendant's locomotive No. 4204, which had four wheels. When George W. Grazer, agent of the plaintiff, became aware of this difficulty, he examined the locomotive but it was impossible to see its number. Later on, after removing the paint, he learned that the number was 4204, and that the defendant had made a mistake in ordering the spare parts for a locomotive No. 4210. The plaintiff then took steps to determine whether the factory could use these parts, but this was impossible as there were only two locomotives, model No. 4204, and they could not be located. A copy of a letter addressed to the plaintiff by Bessler, Waechter & Co., Ltd., agent of the concern Orenstein Koppel Co., was offered in evidence and admitted without objection to prove the efforts made in that connection. The reasons why the return of the rods could not be accepted were stated in that letter, and it was further said therein:

"Regarding the statement in your letter that our factory made a mistake in sending you rods for another type of locomotive, we

wish to state that the illustrations appearing in our catalogue of spare parts for locomotives do not refer to spare parts of any particular locomotive.

"They are mere illustrations which enable our clients to identify the parts they need, whether the latter are for locomotives of four, six, or eight wheels. The correct number of the locomotive must be stated in the order to insure correct supply of the parts, as expressly required in the last paragraph of the warning appearing on page 3 of catalogue No. 817. Therefore, as your client did not send to us the correct number, our factory can not be charged with having made a mistake in this case.''

In accordance with the foregoing letter, the drawings that appear in the catalogue do not refer to any particular locomotive. Attention is then called to the fact that in order to avoid mistakes, the correct number of the locomotive must be set forth in the order so as to insure the furnishing of the parts ordered, as stated in the catalogue. The defendant-appellant lays stress upon the testimony of George W. Grazer who, it is claimed, contradicted himself by admitting on cross-examination that the plaintiff had made a mistake in sending the connecting rods ordered, and stating otherwise when examined by plaintiff's attorney, Henry Molina, Esq. In our opinion, rather than a contradiction, there was a certain confusion in the mind of the witness until he fully understood the questions put to him. In answering questions asked by the attorney for the defendant, Mr. Coll Cuchí, the witness testified that four coupling rods were sent and that the defendant had ordered two. Then he stated that coupling rods may consist of six parts, two parts, one part; that everything depends on the number of wheels attached to the locomotive. Upon being asked by the said attorney why the factory sent four and disregarded the order for two, he answered: "Because locomotive No. 4210 needs four coupling rods. As I explained before, there is a coupling rod on either side of the locomotive; whether the locomotive has four wheels, six wheels, or eight wheels, anything that connects the front wheel with the rear one is a rod, it matters

not whether it consists of two parts or six parts, that is the connection in all the wheels." On examination by Mr. Molina, he stated that a six-wheeled locomotive has a coupling rod on either side, and that they are called coupling rods whether they are this long or whether they connect six or eight wheels. In the plaintiff's invoice, issued before the mistake was discovered, there are mentioned two coupling rods and not four, as claimed by the defendant. The contents of that invoice agree with the explanation made by said witness. It is for this reason that the lower court declared that, although Mr. Grazer appeared to contradict himself, he finally testified that anything that connects all the wheels, from the first to the last, on either side of a locomotive, is a rod, regardless of the number of component parts, and that the factory filled the order in accordance with the design or drawing that appears in the catalogue, that is, two coupling rods for a locomotive No. 4210. In short, the plaintiff has shown beyond all doubt that the defendant made a mistake, and the defendant has failed to convince us that the plaintiff committed any error.

Regarding the imposition of costs, we are inclined to leave undisturbed the conclusion reached by the lower court in the exercise of its discretionary powers.

The judgment appealed from must be affirmed.